AO 91 (Rev. 11/11) Criminal Complaint

CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

5/1/2020
JULIA C. DUDLEY, CLERK
BY: s/ ELLA SURBER
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

United States of America
v.
Jonathan Neal SEXTON

Case No. 1:20MJ73

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __March 1, 2020 to May 1, 2020__ in the county of __City of Bristol__ in the __Western__ District of __Virginia__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC 2251 | Sexual Exploitation of Children. |
| 18 USC 2252 | Activities Relating to Material Involving the Sexual Exploitation of Minors. |
| 18 USC 2252A | Activities Relating to Material Involving the Sexual Exploitation of Minors. |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Derrick Jacobus, FBI Task Force Officer
*Printed name and title*

Sworn to before me ~~and signed in my presence~~ telephonically.

Date: 5/1/20

City and state: Abingdon, Virginia

*Judge's signature*

Pamela Meade Sargent, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT D

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR AN ARREST WARRANT

I, Derrick E. Jacobus, being first duly sworn, do hereby depose and state as follows:

## INTRODUCTION

1. I am a Task Force Officer with the Federal Bureau of Investigation (FBI, United States Department of Justice). I have been employed as a Task Force Officer of the FBI since May 2016. I am currently assigned to the Philadelphia Division, South Jersey Resident Agency, Philadelphia Human Trafficking & Child Exploitation Task Force, working primarily on cases involving online crimes against children, where I have become familiar with the methods and schemes employed by persons who trade and collect child pornography (as defined in 18 U.S.C. § 2256). As a federal Task Force Officer, I am authorized to investigate violations of laws of the United States and am a "federal law enforcement officer" within the meaning of Fed. R. Crim. P. 41(a)(2)(C). I have participated in investigations of persons suspected of violating federal child pornography laws, including Title 18, United States Code, Sections 2252 and 2252A, among other criminal offenses. I have also participated in various FBI-mandated and other training for the investigation and enforcement of federal statutes prohibiting the production, distribution, and possession of child pornography.

2. I am employed as a New Jersey Special State Investigator, Acting County Detective in and for the Gloucester County Prosecutor's Office assigned to the High-Technology Crimes Unit since January 22, 2019. As part of my duties, I am empowered to conduct investigations of, make arrests and conduct forensic examinations for criminal violations that involve the use of high-end technology such as computers, telecommunications equipment, and other advanced technology, more particularly, offenses involving the exploitation of children, specifically,

Endangering the Welfare of Children (2C:24-4). This includes the possession, manufacture, receipt, and distribution of child pornography. Before my employment with the Gloucester County Prosecutor's Office, I was employed by the Monroe Township Police Department from August 7, 2007, to January 21, 2019. While employed at the Monroe Township Police Department, I was assigned to the Operations Section – Patrol Division, Special Operations Section – Training & Accreditation Unit, and the Investigations Section – Detective Bureau (Major Crimes Unit, specializing in high technology crimes, to include Internet and Violent Crimes Against Children).

3. I am investigating the activities of JONATHAN NEAL SEXTON ("SEXTON"). As will be shown below, there is probable cause to believe that SEXTON has attempted to entice a minor to produce child pornography, has transmitted obscene material to a minor, and has engaged in the distribution, receipt, transportation, and possession of child pornography, in violation of 18 U.S.C. §§ 2251, 2252 and 2252A. I submit this application and affidavit in support of an arrest warrant for SEXTON.

4. This Affidavit is based in part on information that I learned from discussions with other law enforcement officers and on my own investigation of this matter. Since this affidavit is being submitted for the limited purpose of securing an arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause for the requested arrest warrant.

## STATUTORY AUTHORITY

5. This investigation concerns alleged violations of 18 U.S.C. §§ 2251, 2252 and 2252A, which relate to the sexual exploitation of minors.

6. Title 18, United States Code, Section 2251 prohibits any person from employing, using, persuading, inducing, enticing, or coercing any minor to engage in, or who having a minor assist any other person to engage in, or transporting any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor

engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct.

7. Title 18, United States Code, Section 2252 prohibits any person from receiving, or distributing, any visual depiction using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproduces any visual depiction for distribution using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or through the mails, if the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and such visual depiction is of such conduct.

8. Title 18, United States Code, Section 2252A prohibits any person from receiving or distributing any child pornography using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

## DEFINITIONS

9. The following definitions apply to this Affidavit and Attachment B:

   a. "Child Pornography" includes the definition in 18 U.S.C. § 2256(8) (any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct).

   b. "Visual depictions" include undeveloped film and videotape, and data stored on

3

computer disk or by electronic means, which is capable of conversion into a visual image. See 18 U.S.C. § 2256(5).

c. "Child Erotica" means materials or items that are sexually arousing to persons having a sexual interest in minors but that are not, in and of themselves, obscene or that do not necessarily depict minors in sexually explicit poses or positions.

d. "Minor" means any person under the age of eighteen years. See 18 U.S.C. § 2256(1).

e. "Sexually explicit conduct" means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person. See 18 U.S.C. § 2256(2).

f. "Computer" refers to "an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device." See 18 U.S.C. § 1030(e)(1).

g. "Computer hardware" consists of all equipment that can receive, capture, collect, analyze, create, display, convert, store, conceal, or transmit electronic, magnetic, or similar computer impulses or data. Computer hardware includes any data-processing devices (including, but not limited to, central processing units, internal and peripheral storage devices such as fixed disks, external hard drives, floppy disk drives and diskettes, and other memory storage devices); peripheral input/output devices (including, but not limited to, keyboards, printers, video display monitors, and related communications devices such as cables and connections); as well as any devices, mechanisms, or parts that can be used to

restrict access to computer hardware (including, but not limited to, physical keys and locks).

h. "Computer passwords and data security devices" consist of information or items designed to restrict access to or hide computer software, documentation, or data. Data security devices may consist of hardware, software, or other programming code. A password (a string of alpha-numeric characters) usually operates what might be termed a digital key to "unlock" particular data security devices. Data security hardware may include encryption devices, chips, and circuit boards. Data security software of digital code may include programming code that creates "test" keys or "hot" keys, which perform certain pre-set security functions when touched. Data security software or code may also encrypt, compress, hide, or "booby-trap" protected data to make it inaccessible or unusable, as well as reverse the progress to restore it.

i. "Computer-related documentation" consists of written, recorded, printed, or electronically stored material that explains or illustrates how to configure or use computer hardware, computer software, or other related items.

j. "Computer software" is digital information that can be interpreted by a computer and any of its related components to direct the way it works. Computer software is stored in electronic, magnetic, or other digital form. It commonly includes programs to run operating systems, applications, and utilities.

k. "Data storage devices," as used herein, are magnetic, optical, and electronic storage devices (such as fixed disks, internal and external hard drives, floppy disk drives and diskettes, CDs and DVDs, flash memory cards, thumb drives, SIM cards, and other internal and peripheral magnetic, optical, and electrical storage devices) capable of storing information.

5

l. "The Internet" is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

m. "Internet Protocol address" or "IP address" refers to a unique number used by a computer to access the Internet. IP addresses can be dynamic, meaning that the Internet Service Provider (ISP) assigns a different unique number to a computer every time it accesses the Internet. IP addresses might also be static, if an ISP assigns a user's computer a particular IP address that is used each time the computer accesses the Internet.

n. The terms "records," "documents," and "materials" include all information recorded in any form, visual or aural, and by any means, whether in handmade form (including, but not limited to, writings, drawings, painting), photographic form (including, but not limited to, microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, photocopies); mechanical form (including, but not limited to, phonograph records, printing, typing); or electrical, electronic or magnetic form (including, but not limited to, tape recordings, cassettes, compact discs, electronic or magnetic storage devices such as floppy diskettes, hard disks, CD-ROMs, digital video disks ("DVDs"), Personal Digital Assistants ("PDAs"), Multi Media Cards ("MMCs"), memory sticks, optical disks, printer buffers, smart cards, memory calculators, electronic dialers, Bernoulli drives, or electronic notebooks, as well as digital data files and printouts or readouts from any magnetic, electrical or electronic storage device).

## DESCRIPTION OF KIK MESSENGER

10. Kik is a Santa Monica, CA based company owned by MediaLab.AI, Inc., described as a smartphone messenger application that lets users connect with their friends and the world around them through chat using the internet. Users can send text, pictures, videos and more – all within the application. Kik is available for download through the iOS App Store and the Google Play store on most iOS (iPhone/iPod/and iPad) and Android (including Kindle Fire) devices. Users may also be using Kik on their Windows, Symbian-based or BlackBerry OS. Kik is free to download and uses an existing Wi-Fi connection or data plan to send and receive messages. Kik Usernames are unique, can never be replicated, can never be changed, may include lower and uppercase letters, numbers and/or periods and underscores and will never contain spaces, emoticons or special characters.

## PROBABLE CAUSE

*Background information regarding SEXTON'S communication with an undercover online covert employee ("OCE")*

11. On February 28, 2020, FBI Online Covert Employee (OCE), acting in a covert capacity and located in New Jersey, posted a profile on the application/website kikfriender.com ("KikFriender"). KikFriender is described on its website as "Kik's best platform to find Kik friends and usernames from all over the world. Talk to open-minded strangers, meet new friends, exchange life moments." There is a dirty and clean section of the website, and it is the poster that determines where they want their profile listed. The OCE posed as a 14-year-old girl residing in Cherry Hill, New Jersey, in the "clean" section of the website with specific instructions on the profile of, "Please do not send me dirty Kik sexting."

12. The OCE received a message on Kik from a profile with the display name, "Daddy Jeff" and the user name "jeffs0000." During the conversation, jeffs0000 indicated that he was from Florida and that he was a truck driver as an occupation. The OCE indicated that she was still in high school in New Jersey, and the conversation turned sexual in nature.

7

13. During the conversations, jeffs0000 sent multiple images of sex toys and indicated that he purchased them for private use. Jeffs0000 also sent multiple pictures of himself masturbating. In a string of videos sent to the OCE on March 17, 2020, jeffs0000 was masturbating with a device and providing commentary, such as uttering he "loves" the OCE's persona. On April 1, 2020, jeffs0000 again sent another 45-second video of a male masturbating to completion. As a note, the male had a silver ring on his right 2nd digit.

14. From March 1 to March 3, 2020, the OCE continued to speak with jeffs0000. When the OCE indicated that she was watching Netflix, jeffs0000 state that he sometimes watches "porno." jeffs0000 also stated that he was getting "hard in his pants," while speaking with the OCE. During conversations, jeffs0000 stated that he was 34 years old. Jeffs0000 suggested that he and the OCE can still "play and mess around," indicating, "U know being naughty." jeffs0000 asked the OCE for a picture in bra and panties.

15. From March 4 to March 11, 2020, the OCE continued to engage with jeffs0000. He continued to ask for pictures from the OCE and commented, "Just to play wish we was closer together u could come over," and "Wish u was here I need a good fucking."

16. On March 20, 2020, jeffs0000 sent the OCE one image of child sexual abuse material (CSAM). The image had file name 5f1f36dd-66c2-47f2-8fea-3295db1097fc.jpg and is described as a pre-pubescent female laying nude on her back with her legs spread exposing her vagina and breasts.

17. On March 30, 2020, jeffs0000 sent the OCE four (4) additional images of CSAM described as:

- Filename - 33967122-e22e-4bbf-99f0-e710e3fde2f1 – a nude, pre-pubescent male and female laying on a bed. The girl is laying on her back and the boy is engaging in vaginal intercourse with the girl. The girl is holding her hands over her breasts. This image appears to be a screenshot from a phone from the website chatiw.me/storage/ima...

8

- Filename - 73e1b2ff-93c8-4757-88f5-405d0562db86 – a pre-pubescent female performing oral sex on an erect penis.

- Filename - 8865f25d-291b-4f11-a4c8-657d28daacf2 – a pre-pubescent female bent over with her back facing the camera and her pants pulled down exposing her vagina and anus.

- Filename - 860cbde4-60cc-4684-a3ec-76fd49cd796f – a pre-pubescent female lying on her back and wearing only a blue shirt with her legs spread and lifted in the air exposing her vagina and anus.

18. The OCE asked jeffs0000 if he liked younger girls like her and he replied that he "just look at them sometimes."

19. OCE conducted a forensic cell phone extraction of the device used by the OCE and extracted the chats and attachments dating from February 28, 2020 to April 29, 2020. Your affiant has reviewed these files and submits that they are accurately described above.

20. On Wednesday, April 29, 2020, jeffs0000 stated to the OCE that he had intercourse with pre-pubescent girls, Victim #1 and Victim #2 (names known to this affiant), that he has babysat in the past. Jeffs0000 sent the OCE pictures of both of them wearing only underwear, indicating that the children performed oral sex on him, and had intercourse, both vaginally and anally. Jeffs0000 stated that they are the children of parents that he is friends with, and they both walked into his room when he was naked. Kik does not include EXIF data[1] and compresses the image which changes the hash value so these images cannot be compared in National Center for Missing and Exploited Children, which maintains a database of known images of child pornography.

---

[1] EXIF data (also sometimes referred to as metadata) contains information such as aperture, shutter speed, ISO, focal length, camera model, date the photo was taken and other information to identify photographs.

21. Also, on April 29, 2020, jeffs0000 specifically asked the OCE for a picture of her "puss and asshole," sending lascivious pictures of himself in an attempt to receive a picture from the OCE.

22. Pursuant to an administrative subpoena sent to Media Lab AI for subscriber information and IP logs for Kik user jeffs0000 on Tuesday, March 3, 2020, I received a response indicating the following:

First Name: Daddy

Last Name: Jeff

Email: ghostride6991@gmail.com (unconfirmed)

Username: jeffs0000

Model: LG Model L722DL – TracFone LG Stylo 5 LTE

IP Addresses: 174.253.129.148:17162 & 24.158.130.252:40468

23. Pursuant to an administrative subpoena sent to Verizon Wireless on Monday, March 23, 2020, for subscriber information for IP address 174.253.129.148:17162 on February 4, 2020, at 19:34:53 UTC, I received an email and affidavit of records custodian certifying records from Verizon Wireless indicating that the phone number belongs to a reseller for TracFone Wireless. The IP address resolves to an MSISDN of 276-469-5608. Verizon also provided the IMEI numbers associated with the MSISDN:

- 352972091380398 – LG Premier Pro LTE
- 355692102003816 – LG Stylo 5
- 357150093038380 – LG Premier Pro LTE

24. Pursuant to an administrative subpoena sent to Charter Communications on Friday, April 17, 2020, for subscriber information for IP address 24.158.130.252:40468 on January 1, 2020, 7:34:00 AM UTC, I received information indicating that the subscriber is:

10

Subscriber Name: JOHN SEXTON

Subscriber Address: 1323 RHODE ISLAND AVE, BRISTOL, VA 24201-4862

User Name or Features: JONANDHOLLYSEXTON2020@GMAIL.COM

Phone number: (276) 469-5608

25. A search of public data bases for telephone number 276-469-5608, identified the subscriber as JONATHAN NEAL SEXTON, at 1323 RHODE ISLAND AVE, BRISTOL, VA 24201-4862.

26. Using open source intelligence, your affiant found a public facing Facebook page for JONATHAN SEXTON, with a location in Bristol, Virginia. His public profile picture is a male with a black handgun holstered on his right side, posing with another woman, believed to be HOLLY SEXTON. Also, on SEXTON's Facebook page, his employment shows as a Shipping Associate and Fork Lift Driver at Aerus and a former post officer and safety and security officer at US Security Associates, Inc. This would match images sent to the OCE on February 28 of a forklift loading a truck with a sign in the background stating, "Thank you for using UPS." A check of the publicly facing Facebook page of SEXTON shows the description of Aerus as "Filling Orders for UPS shipping, filling freight orders for shipping and loading and unloading trucks" There are three (3) children in SEXTON'S profile pictures, two (2) appear toddler-aged, and the other is an infant. Another of SEXTON'S profile pictures dated April 12, 2020, he is posed with his right hand visible where there is a silver ring on the 2nd digit of his right hand.

## CONCLUSION

27. Based upon the foregoing, I respectfully submit that there is probable cause to believe that JONATHAN NEAL SEXTON did employ, use, persuade, induce, entice, or coerce a minor to engage in, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, in violation of Title 18, United States Code, Section 2251,

11

and did distribute, any visual depiction using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer of visual depictions involving the use of a minor engaging in sexually explicit conduct; and such visual depiction is of such conduct, a violation of Title 18, United States Code, Section 2252; and, did distribute child pornography using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer, a violation of Title 18, United States Code, Section 2252A.

28. Therefore, I respectfully request that the court issue a warrant authorizing the arrest of the JONATHAN NEAL SEXTON, AGE 33 of BRISTOL, VA 24201-4862 for violations of the above.

FURTHER YOUR AFFIANT SAYETH NAUGHT

Task Force Officer Derrick Jacobus
Federal Bureau of Investigation

Sworn and subscribed before me this ~~telephonically~~ 1st day of May, 2020.

The Honorable Pamela Meade Sargent
UNITED STATES MAGISTRATE JUDGE

Seen by:

Zachary T. Lee, AUSA

12